*(Special Term, January, 1872.)*

## JAMES SCALLAN *v.* PORTER AND WINTER.

Where the petition states that the plaintiff is the owner, and entitled to the immediate possession of certain described premises, and a motion is made to make the petition more definite and certain by stating whether the title is by fee simple or by lease:

*Held*, that under section 558 of the code, it is not necessary to allege what estate the plaintiff has in the property, but it will be sufficient if he state that he has a real estate therein.

*J. G. & H. Douglas*, for plaintiff.

*A. J. Cunningham*, for defendants.

WALKER, J.   The petition in this case states that the plaintiff is the owner, and entitled to the immediate possession, of certain described premises.

Motion is made to make the petition more definite and certain by stating whether his title is by fee simple or by lease, and if by lease, for what term.

Section 558 of the code provides that: "In an action for the recovery of real property, it shall be sufficient if the plaintiff state in his petition that he has a real estate therein, and is entitled to the possession thereof, describing the same as required by section 126, and that the defendant unlawfully keeps him out of possession."

Counsel in support of the motion cite Nash's Pleading and Practice, where he undoubtedly does say that the plaintiff must state in his petition what his estate is, whether in fee simple, leasehold, etc., and if leasehold, the term.

But I find that Swan, in his treatise on pleading and practice, takes the contrary view.

This seems to me to be better suited to the requirements of the section above cited, which expressly states that "it

shall be sufficient if the plaintiff state that he has a real estate therein." If the intention had been that he should set forth the estate the natural language would have been, that it shall be sufficient if the plaintiff state what estate he has in the premises, etc.

So far as I have been able to examine papers in cases here, the latter seems to have been the usual practice in this county.

The only reason given for the other appears to be that the petition may show at the trial whether his title has expired at the time of trial.

This would, however, seem to be properly shown by the evidence at the time of trial.

It is also to be noted that in the action of ejectment, which this is intended to take the place of, no averment of the title held was necessary.

Nay, further, a mere possessory title is sufficient to recover upon, as against an intruder. *Lessee of Ludlow's Heirs* v. *McBride*, 3 Ohio, 240; *Newman's Lessee* v. *Cincinnati*, 18 Ohio, 323.

It seems to me, then, from that, it is sufficient if the petition follows the wording of the code.

It may be well to note here that the wording of this section of the code differs in different books. In the laws of 1853 it is stated in the form I have quoted; while in Swan & Critchfield it is "that he has a legal estate therein," instead of a real estate.

The motion will, therefore, be overruled, and leave given to answer in ten days.